UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

LEGAL RECOVERY ASSOCIATES LLC,

          Plaintiff,

  -against-

BRENES LAW GROUP, P.C.,

          Defendant.

------------------------------------------------------------------------X

Case No. 1:23-cv-02446

**COMPLAINT**

      Plaintiff Legal Recovery Associates LLC (LRA), by its attorneys, Solomon & Cramer LLP, for its Amended Complaint against defendant Brenes Law Group, P.C. (BLG), states:

## INTRODUCTION

      1.      This is an action to enforce six promissory notes (the Notes), in the combined principal amount of $1,400,000. This action is related to another litigation pending in the U.S. District Court for the Southern District of New York, styled *Legal Recovery Associates, LLC v. Brenes Law Group, P.C. and Troy Brenes*, 1:22-cv-1778 (ER)(BCM).

## JURISDICTION AND VENUE

      2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) in that this is a dispute between citizens of New York, New Jersey, Puerto Rico, and Florida, on the one hand, and citizens of California on the other, and the amount in controversy exceeds $75,000.

      3.      Venue is based on a mandatory forum selection clause requiring that any action or proceeding in connection with the Notes be brought in a state or federal court located in New York County.

4. Personal jurisdiction is based on Rule 4 of the Federal Rules of Civil Procedure and New York CPLR 301, in that the Notes were "deemed to have been made and delivered in the State of New York," and the parties agreed that they would be governed by New York law and that any disputes would be resolved in its courts.

## THE PARTIES

5. Plaintiff LRA is a limited liability company organized under the laws of the State of New York. Its principal place of business is located at 1400 Old Country Road, Westbury, New York 11590.

6. Defendant BLG is a professional corporation organized under the laws of the State of California. Under the Notes, it agreed to be served by certified mail or registered mail at 27141 Aliso Creek Road, Ste. 270, Aliso Viejo, CA 92656.

## STATEMENT OF FACTS

7. LRA loaned BLG a total of $1,400,000 in six separate transactions from December 9, 2019 to October 13, 2020. Each loan was memorialized by a promissory note (each a Note and collectively the Notes).

8. The Notes are attached as exhibits to this Complaint and summarized as follows:

| Note | Exhibit | Date of Note | Principal |
|---|---|---|---|
| Note 1 | A | December 9, 2019 | $ 500,000.00 |
| Note 2 | B | March 5, 2020 | $ 250,000.00 |
| Note 3 | C | June 5, 2020 | $ 200,000.00 |
| Note 4 | D | August 6, 2020 | $ 150,000.00 |
| Note 5 | E | August 31, 2020 | $ 150,000.00 |
| Note 6 | F | October 13, 2020 | $ 150,000.00 |
| | | Total | $1,400,000.00 |

9. Each Note requires the "Maker" (i.e., BLG) to pay the "Lender" (i.e., LRA) the principal plus "interest at the annual rate of Seventeen and one half Percent (17.5%) thereon," with "interest to accrue daily."

10. Each Note requires that the Maker (BLG) pay Lender (LRA) interest and principal on the "Payment Date or when prepaid" and provides that past due amounts shall accrue interest at 18% per annum.

11. Each Note defines the "Payment Date" as "the date on which Maker (BLG) receives payment of any award in respect of all product liability litigations represented by Brenes Law Group, PC (the '<u>Case</u>'), whether as a result of judgment, settlement or otherwise."

12. Each Note provides that if an "Event of Default" occurs, the Lender also has the right to demand immediate payment of the balance due on such Note.

13. Events of Default under the Notes include: "(a) any payment required by this Note is not made when due; (b) any default occurs in the performance of any covenant, obligation, warranty or provision contained in this Note; [and] (c) any warranty, representation, financial information or statement made or furnished to Lender by or on behalf of Maker proves to have been false in any material respect when made or furnished."

14. Each Note provides that "if, and as often as, this Note is placed in the hands of an attorney for collection or to defend or enforce any of the holder's rights hereunder, the Maker [BLG] will pay to the holder hereof holder's reasonable attorneys' fees, together with all court costs and other expenses paid by such holder."

15. LRA sent a letter to BLG on January 21, 2022 (**Exhibit G**), in which it referred to Notes 1-6, and asked BLG to provide information about whether a "Payment Date" had been triggered under the Notes based on any collections on one or more of its product liability cases.

The letter also provided BLG with a calculation of the amounts due under the Notes and wire instructions.

16. BLG did not respond to the second demand letter.

17. BLG's website indicates that it has in fact received fees on products liability lawsuits, including:

> Bard Hernia Mesh – $400,000 settlement. Bard hernia mesh failed requiring corrective surgery and six-day hospitalization.
>
> Bard Implanted Port and Catheter – Multiple Confidential Settlements. Patients received Bard implantable port and catheter for administration of medication. Catheter devices fractured and migrated to each patient's heart.

18. Under the Notes, each receipt of a payment on any of the products liability lawsuits triggers a "Payment Date."

19. In violation of the Notes' payment provisions, BLG failed to pay anything on the Notes to LRA on any Payment Date.

20. On February 24, 2023, LRA issued a demand letter and notice of acceleration to BLG based on BLG's failure to pay LRA on the Payment Dates triggered by BLG's collection of fees on the Cases. (**Exhibit H**). LRA set a payment deadline of Monday, February 27, 2023, by the close of business.

21. BLG did not pay the amount demanded in LRA's demand letter.

22. BLG has since claimed that it was prevented from exercising its right to prepay the Notes. This is a phony excuse for BLG's misconduct.

23. One of BLG's "defenses" is that LRA impeded its ability to repay the Notes and refused to provide a payoff calculation. This is not true.

24. On August 4, 2020, LRA emailed to BLG an Excel Spreadsheet showing the payoff calculation. The spreadsheet not only showed how much was due, but also it contained the formulas that LRA used to calculate interest.

25. After receiving the payoff spreadsheet, BLG did not pay off the amounts due. Instead, from August 6, 2020 to October 31, 2020, it borrowed more money from LRA, as evidenced by Notes 4, 5, and 6. During this time, BLG and LRA were in negotiations over the form of payoff letter.

26. On October 28, 2020, BLG's principal, Troy A. Brenes, sent an email to LRA's consultant, Howard Berger, indicating that BLG's proposed lender, Counsel Financial, which was to pay off the indebtedness to LRA, "appears ready to fund" and was requesting that LRA provide "a statement … indicating what is owed to LRA under the promissory notes and the account info so I can repay the loan to LRA …." In the same email, Mr. Brenes indicated that he wanted to discuss the arrangement between BLG and Lawrence Litigation Group.

27. Mr. Berger immediately responded, indicating that he was available "just about every day at some point" and noting that Mr. Brenes had failed to respond to prior emails from October 12 and 13.

28. Mr. Brenes ignored Mr. Berger's email for more than two months. Finally, on January 5, 2021, Mr. Brenes emailed another request for a payoff calculation and payment instructions. Mr. Berger immediately responded, asking Mr. Brenes why he had ignored his October 28 email and suggesting that they discuss the parties' relationship. One again, he invited Mr. Brenes to call him. But Mr. Brenes did not call. Instead, he sent an accusatory email claiming that LRA was improperly "conflat[ing] repayment of promissory notes between Brenes

5

Law Group, P.C. and LRA with an unrelated separate co-counsel relationship between Brenes Law Group, P.C. and a law firm named Lawrence Litigation Group."

29. Through all this back and forth, and in bad faith, BLG never disclosed to LRA that it had closed a financing transaction with Counsel Financial in October 2020.

30. Moreover, even though BLG, already had LRA's payoff calculation for the Notes, it never tendered the amounts due under the Notes.

31. Finally, despite its recent allegation that LRA breached the Notes by refusing to provide a payoff figure, BLG never declared LRA in default. Nor did it commence a legal action to adjudicate its rights. It was content to keep using LRA's money and the new financing from Counsel Financial to provide essential capital for its law business. Thus, when LRA sent the January 21, 2022, demand letter for payment, BLG ignored it.

## AS AND FOR A CAUSE OF ACTION: BREACH OF CONTRACT

32. Plaintiff repeats and realleges the foregoing allegations.

33. The Notes are valid and binding contracts for the payment of money.

34. BLG breached its contractual obligations under the Notes by failing to pay the principal and interest due on the Payment Dates and as of the date of the demand for full payment.

35. LRA has been damaged by the breach in an amount equal to the principal and accrued interest to the date of acceleration, February 24, 2023, at the pre-default rate of 17.5% per annum and to the date of payment at the default rate of 18% per annum.

36. Plaintiff is also entitled to recover its attorneys' fees and costs in enforcing the Notes.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff demands judgment against BLG as follows:

- Damages in the principal amount of $1,400,000, plus pre-default interest at 17.5% per annum and post-default interest at 18% to the date of judgment;

- An award of Plaintiff's reasonable attorneys' fees and litigation expenses incurred in this action, as provided for in the Notes; and

- statutory costs, disbursements, and such other and further relief as is just and proper.

Dated: New York, New York
       March 22, 2023

                                                SOLOMON & CRAMER LLP
                                                *Attorneys for Plaintiff*

                                                By:     /s/Andrew T. Solomon
                                                         Andrew T. Solomon
                                                         asolomon@solomoncramer.com

                                                25 West 39th Street, 7th Floor
                                                New York, New York 10018
                                                (t) 212-884-9102
                                                (f) 516-369-3896