

January 19, 2024

**Via ECF**

Hon. Barbara Moses, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 740
New York, NY 10007

Re:  *Legal Recovery Associates, LLC v. Brenes Law Group, P.C., et al.*, 22-cv-1778 (Action #1)
   *Legal Recovery Associates, LLC v. Brenes Law Group, P.C.,* 23-cv-2446 (Action #2)

Dear Judge Moses:

On January 16, 2024, Legal Recovery Associates, LLC's ("LRA") filed materials designated by Defendants ("BLG") as confidential pursuant to the Stipulated Protective Order. *See,* ECF Dkt. 94. Pursuant to ¶ 3(f), BLG hereby explains why the factors weighing in favor of sealing these materials substantially outweigh the public's presumed right of access. Specifically, Defendants respectfully request that the Court order 14 Exhibits, numbers 12-16, 37-40, 42-44, and 46, sealed in their entirety.

This is case relates to alleged breach of contract by LRA against BLG relating to a series of promissory notes.  On August 21, 2023, the Court adopted the parties' Stipulated Protective Order. The Protective Order provides that any party may designate any discovery produced by the party or a third-party, as "Confidential" if it contains:

> business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or  would likely, in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others.

ECF Dkt. No. 63 ¶ 2. In the course of discovery, LRA sought and obtained from BLG and California Attorney Lending II, Inc (CAL)[1] documents revealing BLG's private financial records as well as evidence of settlements BLG obtained on behalf of its clients in product liability cases. Pursuant to the governing protective order, Plaintiff designated this material as Confidential.

On January 11, 2024, the parties met and conferred regarding LRA' intent to file documents BLG designated as confidential under seal. Two issues were discussed during the call. First, LRA asked BLG to withdraw claims of confidentiality over documents produced by CAL because LRA contended BLG could not designate documents produced by a third party as confidential. BLG responded by noting the Protective Order does allow such designations.[2] Second, LRA requested BLG confirm which exhibits it was claiming as Confidential. Of the 46 Exhibits LRA indicated it intended to file in support of its motion for summary judgement, BLG

---

[1] CAL is an entity that BLG arranged a line of credit with beginning around 2020.
[2] See, ECF Dkt. No. 63 ¶ 2.

confirmed it was maintaining a confidentiality designation over 17 of the exhibits (Ex. Nos. 12-16, 22-23, 37-46). After Further review, research and in preparing this response, Defendant withdrew the confidentiality claims over Exhibits numbers 22, 23, 41 and 45.

**LEGAL ARGUMENT**

The sealing of documents that the public would otherwise be presumed to have access to is appropriate where sealing is necessary to preserve higher values and if the sealing is narrowly tailored. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). Therefore, the "must carefully balance the presumptive public right of access against the competing interests that are at stake in a particular case…." *United States v. Kravetz,* 706 F.3d 47, 62 (1st Cir. 2013) "[P]rivacy rights of participants and third parties are among those interests which, in appropriate cases, can limit the presumptive right of access to judicial records." *Id.* Similarly, the First Circuit discussed a separate set of exceptions, "the degree to which the subject matter is traditionally considered private rather than public." *Id.* (citation omitted). The *Kravetz* Court offered several examples of matters traditionally considered private rather than public, including "Financial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters…." *Id.* (citation omitted).

**Exhibits Disclosing BLG'S Private Financial Records**

Exhibits 12, 13, 16, 37-39, 42-44 and 46 should be sealed because they contain information regarding BLG's private financial state and dealings. This includes BLG's account numbers, tax identification number, financial assets, earnings, expenses, how BLG funds its operations, the amount of loans it has BLG has taken and when, the interest rate on its loans, and all other terms relating to the loans it has taken. BLG is a private wholly owned business with four lawyers and five support staff. As such, these records are not traditionally a matter of public records and there is an expectation of privacy in this private financial information. Moreover, disclosure of these materials could cause substantial harm.

Disclosure of BLG's current loan terms could make it more challenging to obtain better terms from other lenders in the future. Disclosure of BLG's assets and income could negatively impair its ability to hire and retain employees at reasonable rates. Disclosure of these materials could also be used by competitors in misleading ways to embarrass or attack the reputation of BLG. Competitors could use BLG's financial data taken out of context to suggest that the firm makes too much and is therefore greedy, or makes to little and therefore is not viable. The data could used to recruit BLG's employees by suggesting BLG should pay more given its financial assets and income. No small business expects or should have all of its financial information disclosed to the public.

| Ex. Nos. | Description |
|---|---|
| 12, 13, 38, 39, | Statements disclosing BLG's loans, including amounts borrowed, interest rate, principal payments made, and balances. |
| 16 | 60-page document disclosing BLGs private financial arrangements with CAL, including a negotiated line of credit, interest rate, and repayment terms. |

|    |    |
|----|----|
|    | Supplemental Production000045, 60, 62 disclose BLG's tax ID number and bank account numbers. |
| 37 | 5-page document revealing private financial information of Troy Brenes regarding how his asserts are organized and private financial agreements with CAL. |
| 42 | 1-page email discussing a set-aside estimated to be sufficient to cover amounts potentially owed on loans. As such it is private financial information of small business. |
| 43 | Statements disclosing BLG's loans, including amounts borrowed, and balances. As such it is private financial information of small business. |
| 44 | Statements disclosing BLG's loans, including amounts borrowed, and balances. As such it is private financial information of small business. |
| 46 | including a negotiated line of credit, interest rate, and repayment terms. CAL_002036, 002037, 002053, 002055 disclose BLG's tax ID number and bank account numbers. |

**Exhibits Disclosing Confidential Settlements Obtained On Behalf of Third Parties**

Aside from containing BLG's private financial information, Exhibits 14, 15 and 40 each disclose the terms of confidential settlements BLG has obtained for third party clients in product liability cases. Every single product liability settlement referred to in these exhibits was obtained through a pre-trial negotiated settlement in which the defendants denied liability, conditioned the settlement on all terms of the settlement being kept confidential, and provided for financial penalties against the settling plaintiff if the terms of the settlement were ever released to the public, including up to the full amount of the settlement. The settlement agreements do, however, allow for disclosure to resolve liens and for tax reporting purposes so long as the third part agreed to maintain confidentiality. These types of settlements have been required in all medical devices cases I have been involved, whether a large global settlement or an individual settlement, since I began practicing in 2007. Pursuant to the loan agreement and as CAL was a lienholder, BLG disclosed settlement amounts to CAL. However, CAL expressly agreed to maintain confidentiality over all information BLG provided. These exhibits should be kept sealed because they would reveal BLG's confidential business information, and the terms of confidential settlements BLG has obtained for third parties.

Information regarding confidential settlements is recognized as a higher interest sufficient to overcome the presumed right of access. *See Washington v. Nyc Madison Med.*, No. 1:20-cv-3446, 2023 U.S. Dist. LEXIS 228149 ** 21-22 (S.D.N.Y Dec. 18, 2023). "Courts within the Second Circuit recognize that "protecting the confidentiality of settlement agreements encourages settlement, which is in the public interest, permitting disclosure would discourage settlements, contrary to public interest." *Id.* at ** 6-7(citing *Hasbrouck v. BankAmerica Housing Svcs.*, 187 F.R.D. 453, 459 (N.D.N.Y. 1999)). The court in *Washington* explained:

> Where the parties have entered into a settlement of a disputed claim to avoid the expense and uncertainty of litigation, as in this case, the revealing of the

> Settlement Agreement has no good public purpose and might result in its misuse for improper purposes. The case would not have been settled if the settlement had not been confidential. There is no public interest in knowing the terms of a settlement of disputed claims as there has not been any adjudication on the merits, and publicly revealing the terms of such a settlement will have a chilling effect on settlement discussions in this and other cases.

*Id* at * 11-12. The court further explained that disclosure of confidential settlement information would cause harm by violating "significant privacy interests" of the parties to the settlement in not publicizing their settlement terms.

All of the reasons cited in *Washington* to explain why the harm from disclosing confidential settlement information outweighs the public's presumed right of access, apply equally here. Plaintiff also notes additional harm in that disclosure of this information to the public would result in BLG and its third party clients being subject to significant financial penalties. It would also allow competitor to obtain unfair advantage by knowing the amounts of settlement BLG has been able to obtain against particular defendants and what cases BLG is pursuing.

| <u>Ex. Nos.</u> | Description |
|---|---|
| 14 | 30-page document consisting of BLG's settlement reports from November 2020 through April 2023, indicating case name, settlement amount, and repayments made from the settlement. These are all confidential settlements in which the Defendant would not have settled absent a confidentiality guarantee, and all information should be sealed because disclosure of any of this information to the public would violate the confidentiality provisions associated with each respective settlement. |
| 15, 40 | One page email between BLG and CAL discussing terms of a confidential settlement, including the name of the defendant and the amount of settlement. Also discussing confidential opinion about predictions about timing of a settlement against another defendant and facts on which that estimation was based. |

Finally, Plaintiff notes that lesser redaction of all at issue exhibits is not sufficient because they are entirely comprised of private financial information and/or confidential settlement information. For the foregoing reasons, Defendants respectfully request that the Court order Exhibits 12-16, 37-40, 42-44, and 46 sealed in their entirety.

**Respectfully submitted,**

By: */s/Troy A. Brenes*
    Troy Brenes

cc: Andrew T. Solomon